**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUPERSPEED GOLF, LLC, an Illinois limited liability company, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-cv-3180 ) |
| SEBONACK GOLF CLUB LLC, a New York limited liability company, | ) ) ) ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

SUPERSPEED GOLF, LLC, an Illinois limited liability company ("SuperSpeed") brings this Complaint for Declaratory Judgment against SEBONACK GOLF CLUB LLC ("Sebonack"), alleging:

**Parties**

1. SuperSpeed is an Illinois limited liability company with its principal office at 440 South LaSalle Street, Suite 300, Chicago, Illinois 60605.

2. SuperSpeed provides specialized training equipment and products to participants in various sports. SuperSpeed does not provide golf club services.

3. Sebonack is a New York limited liability company with, upon information and belief, executive offices at 270 South Service Road, Suite 45, Melville, New York, 11747.

**Jurisdiction & Venue**

4. This action arises under federal law, namely the Lanham Act. 17 U.S.C. § 1501, *et seq.* The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

1

5. Venue is proper in the Northern District of Illinois under 28 U.S.C. 1391(b) and 1391(c).

6. This Court has jurisdiction over Sebonack because of its extensive, intentional, and continuous contacts with this District, as explained below.

7. Sebonack purports to operate a golf course and club in Southampton, New York.[1]

8. Sebonack is regarded as one of the best courses in the country and its members, upon information and belief, pay initiation fees of over a half million dollars.[2]

9. Sebonack has many connections to Illinois.

10. According to the Wall Street Journal's interview with Sebonack's owner, Mike Pascucci, the club's membership is limited to 200 members. Of those members, one-half of the members are, by design, from outside the New York City / Long Island area.[3] According to another interview with Mr. Pascucci, Sebonack actively seeks members from diverse geographic locations.[4]

11. Upon information and belief, Sebonack has members from this District. At least one person from this District is a member of Sebonack and actively plays golf there.[5]

12. Sebonack maintains a website with a login that, presumably, allows members from this District to access content only available to those with access.[6]

13. In 2013, Sebonack hosted the U.S. Women's Open Championship in association with the United States Golf Association.

14. That tournament, branded with Sebonack's name and logo, was broadcast on ESPN and NBC. Those broadcasts were viewable in this District.

---

[1] *Sebonack Golf Club*, http://www.sebonack.com (last accessed May 1, 2018).
[2] Perrone, D., *11 of the Most Expensive Private Golf Clubs in New York*, Business Insider, (Aug. 24, 2012), *available at* http://www.businessinsider.com/11-of-new-yorks-most-expensive-golf-clubs-2012-8 (last accessed May 1, 2018)
[3] Newport, J., *A Friendly Club; a Mean Course*, The Wall Street Journal, (June 25, 2013), *available at* https://www.wsj.com/articles/SB10001424127887323683504578567972739597456 (last accessed May 1, 2018).
[4] Smith, J., *Leisure: Big Apple Greens*, Robb Report (May 1, 2006), *available at*, http://sebonack.com/press/611_1_RobbReport.pdf (last accessed May 1, 2018).
[5] *Alfred Dunhill Links Championship - Amateur Players 2017*, Alfred Dunhill Links, *available at*, https://alfreddunhilllinks.com/assets/AMATEUR-BIOGS-Oct4.pdf (last accessed May 1, 2018).
[6] *Sebonack Golf Club*, http://www.sebonack.com (accessed May 1, 2018).

15. During the relationship between Sebonack and the United States Golf Association, a qualifying round to play in 2013 U.S. Women's Open Championship at Sebonack was held in this District.

16. During the 2013 U.S. Women's Open Championship, Nicole Jeray, believed to reside in Berwyn, Illinois, qualified to play at Sebonack.

17. Upon information and belief, other individuals from this District have played golf at Sebonack, including local golf show hosts.[7]

18. Upon information and belief, Sebonack employs individuals who maintain their residence in Illinois.

19. Sebonack does business with at least one company located in this District and purchases products. Sebonack has purchased and stocked SuperSpeed's products and maintained a business relationship with SuperSpeed for a number of years.

20. Sebonack's owner called an owner of SuperSpeed, located in this District, and accused SuperSpeed of trademark infringement.

21. An actual case or controversy has arisen between the parties. Sebonack has threatened taking legal action against Superspeed and asserted that SuperSpeed is infringing upon its trademark.

22. Sebonack's general counsel sent a cease and desist letter accus.ing SuperSpeed, located in this District, of trademark infringement. Exhibit A. The letter was on Sebonack Golf Club letterhead and accused SuperSpeed of "using a product logo . . . that is in violation of the protected property trademark rights of Sebonack Golf Club." It demanded Sebonack cease and desist use of the mark. The letter went on to threaten that Sebonack would "take all necessary actions to enforce our rights."

---

[7] Spears, R., *The GOG Blogs Fall Classics – Sebonack Golf Club*, Golfers on Golf Radio Chicago (Jan. 8, 2016), *available at*, http://spearsongolf.com/?p=3194 (last accessed May 1, 2018).

23. In response, counsel for SuperSpeed sent a letter to Sebonack's counsel that outlined a position demonstrating no infringement occurred. Exhibit B. Superspeed did not rush to the courthouse. The letter asserted and explained, among other things, that SuperSpeed is not infringing on any of Sebonack's trademark rights, that SuperSpeed has significant investments in branding and inventory, and that SuperSpeed had no legal duty and was disinclined to cease and desist using the non-infringing mark. The letter asked Sebonack to propose an alternative solution.

24. Sebonack's general counsel sent a reply to counsel for SuperSpeed. Exhibit C. The letter neither addressed the particular merits of SuperSpeed's response nor proposed an alternative solution. Instead, Sebonack merely and summarily reasserted the claim of infringement.

25. Sebonack's reply stated, "your client is on notice of our claim, and we reserve the right to take further action at any time, as we see fit." Exhibit C.

26. Given the disregard for SuperSpeed's analysis and the threat to take further action, SuperSpeed reasonably fears that litigation will commence. SuperSpeed now has a shadow over its business that must be resolved in order to continue doing business.

**Count I**
**Declaratory Judgment of Non-Infringement**

27. SuperSpeed incorporates the foregoing paragraphs as if fully restated here.

28. Sebonack has alleged ownership of a trademark registration dated January 17, 2006.

29. The relevant mark is

which covers "Providing golf club services." The United States Patent and Trademark Office assigned this mark registration number 3043843. USPTO Trademark Reg. 3,043,843.

30. Sebonack has alleged, and SuperSpeed denies, that SuperSpeed's use of the



logo constitutes an infringement of any trademark rights held by Sebonack.

31. Upon information and belief, despite Sebonack's claims of ownership, Sebonack Golf Club, LLC does not own the trademark registration. Exhibit A, p. 5. Rather, Sebonac Neck Holdings LLC owns the trademark registration. *Id.* No assignment concerning the trademark has been recorded at the USPTO.

32. Accordingly, SuperSpeed is not infringing on any rights held by Sebonack.

33. Even if Sebonack possessed the rights it asserts, SuperSpeed is not infringing those rights because the marks are not sufficiently similar in appearance so as to cause consumer confusion.

34. Even if Sebonack possessed the rights it asserts, SuperSpeed is not infringing those rights because the goods and services offered under the marks are dissimilar.

35. Even if Sebonack possessed the rights it asserts, SuperSpeed is not infringing those rights because the area and manner of concurrent use do not overlap.

36. Even if Sebonack possessed the rights it asserts, SuperSpeed is not infringing those rights because the relevant consumers should be sophisticated and exercise great care.

37. Even if Sebonack possessed the rights it asserts, SuperSpeed is not infringing those rights because, upon information and belief, there is no evidence of actual confusion.

38. Even if Sebonack possessed the rights it asserts, SuperSpeed is not infringing those rights because SuperSpeed lacked any intent to palm off its goods as Sebonack's.

39. Even if Sebonack possessed the rights it asserts, SuperSpeed is not infringing those rights because there are many golf-related companies making use of marks similar to Sebonack's "S," demonstrating the weakness of the mark and the fact that consumers can easily distinguish between the marks.

40. Accordingly, there is no likelihood of consumer confusion.

41. Even if Sebonack possessed the rights it asserts, SuperSpeed is not infringing those rights because Sebonack has stocked a type of SuperSpeed's training equipment and products for several years without ever bringing to SuperSpeed's attention any issue concerning infringement. Sebonack's claims are barred by the doctrines of laches and estoppel.

## Prayer for relief

SuperSpeed Golf, LLC prays that this Court declares its use of its logo, above, in connection with its business is entirely lawful and does not constitute trademark infringement of any rights held by Sebonack Golf Club, LLC and provide it any other relief it deems just and equitable.

## Jury Demand

SuperSpeed Golf, LLC demands a trial by jury on all triable issues in accordance with Federal Rule of Civil Procedure 38.

//

//

Respectfully submitted,
SUPERSPEED GOLF, LLC, an Illinois limited liability company, by

/s/ Jonathan LA Phillips
Jonathan LA Phillips
Melissa N. Schoenbein
Shay Phillips, Ltd.
230 SW Adams Street
Suite 310
Peoria, Illinois 61602
Tel: (309) 494-6155
Fax: Not accepted
Email: jphillips@shay-law.com
mschoenbein@shay-law.com